

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Homer Garrison, Director
Department of Public Safety
Camp Mabry
Austin, Texas

Dear Sir:             ATTENTION:   Hill Foreman

Opinion No. O-2625
Re:   Reflectors for motor vehicles;
      is it permissible for state ap-
      proval to be stamped on the metal
      flange instead of the glass?

        This will acknowledge receipt of your recent re-
quest for our opinion as stated above.

        It appears that following the passage of Section 9
of House Bill 336, Acts of the Forty-second Legislature,
Chapter 282, page 507 (Article 827a, Section 9, Vernon's
Annotated Criminal Statutes), this department rendered an
opinion on December 31, 1932, written by Assistant Attorney
General T. S. Christopher, holding that the words "approved,
Texas Highway Department" must be stamped upon the glass,
rather than upon any other part of the reflector.

        The applicable part of the statute cited reads as
follows:

        ". . . Reflectors herein referred to must
    be approved by the Department as to specifications
    before they can be lawfully used on a vehicle,
    and it shall be unlawful and constitute a mis-
    demeanor to use a reflector on a motor vehicle
    unless it has been approved by the Department,
    and such approval by the Department shall be
    firmly affixed to such reflector." (Emphasis ours.)

        You state that since the opinion of Mr. Christopher
was written, the use of button type reflectors has become
prevalent and that it would be impossible to place the ap-

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

proval on the glass of this kind of reflector. Under these circumstances you ask whether it would be permissible for the approval of reflectors to be stamped on the metal flange of the reflector instead of the glass.

Since assignment of your opinion request, we have had occasion to examine descriptive literature of the various types of reflectors and to inspect several of them. Some manufacturers of button reflectors have encased the glass in frames so substantially made it appears impossible that the glass part be removed, except by breaking the glass or destroying the frame. If the reflectors otherwise meet the tests of the Texas Highway Department, we see no good reason why the foregoing provision of the statute would prevent the approval being stamped on the metal flange, rather than on the glass itself. The intent of the Legislature was doubtless to prevent the sale and use of inferior and inadequate reflectors. The protection and safety of the traveling public was the paramount consideration. If the glass be firmly attached to the metal flange or other device, we respectfully advise you that the matter of the place where the words of approval are to be stamped rests within the sound discretion of the department responsible for their approval, but the words indicating such approval must be "firmly affixed" to some part of the reflector.

To the extent stated, Mr. Christopher's opinion is respectfully overruled.

Yours very truly

ATTORNEY GENERAL OF TEXAS

Benjamin Woodall /s/

By

Benjamin Woodall
Assistant

BW:GO

APPROVED NOV 1, 1940

Gerald C. Mann /s/

ATTORNEY GENERAL OF TEXAS

APPROVED OPINION
COMMITTEE

By%/_____BWB_____
Chairman